United States District Court
Southern District of Texas
**ENTERED**
May 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Yonnatan Jose Rivas Millan, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3085 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER TRANSFERRING CASE

Petitioner Yonnatan Jose Rivas Millan is an illegal alien currently detained in the IAH Polk Adult Detention Facility in Livingston, Texas, pending his removal proceeding. *See* Doc. 6 ¶ 2. Through counsel, Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, seeking relief from his current detention. Doc 1. For the reasons set forth below, the Court TRANSFERS the case to the Eastern District of Texas, Lufkin Division.

28 U.S.C. § 2241 confers authority upon federal district courts to grant writs of *habeas corpus* "within their respective divisions." *See* 28 U.S.C. § 2241(a). "For 'core *habeas* petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004)). Although the Fifth Circuit has not addressed how this jurisdictional bar applies to aliens challenging their detention under 28 U.S.C. § 2241, the Circuit has generally held, consistent with *Rumsfield*, that "the district of incarceration is the only district that has

jurisdiction to entertain a [habeas] petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).

Petitioner is detained in Polk County, Texas, which is located in the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). Petitioner's present detention outside of the Southern District of Texas therefore divests the Court of jurisdiction to grant his request for habeas relief.

The Court TRANSFERS the case to the United States District Court for the Eastern District of Texas, Lufkin Division. The Clerk shall send a copy of this Order and the entire case file to the transferee court and shall provide a copy of this Order to the Petitioner by mail with a delivery tracking system.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of May, 2026.

_____
Nicholas J. Ganjei
United States District Judge